1  **ABRAHAM LAW, PC**
Arye C. Abraham, Esq., SBN 337441
2  3520 Overland Ave Ste D
Los Angeles, CA 90034
3  (310) 254-7871
arye@abrahamlf.com
4
Attorneys for Plaintiff,
5  ROBERT HOSSEINI

6  **WILSON TURNER KOSMO LLP**
**ROBERT A. SHIELDS (206042)**
7  **ANDRES F. MICHEL (292626)**
8  402 West Broadway, Suite 1600
San Diego, California 92101
9  Telephone: (619) 236-9600
10  Facsimile: (619) 236-9669
E-mail: rshields@wilsonturnerkosmo.com
11  E-mail: amichel@wilsonturnerkosmo.com
12  E-mail: warrantyeservice@wilsonturnerkosmo.com
13  Attorneys for Defendant

14  PORSCHE CARS NORTH AMERICA,
INC
15

16              **UNITED STATES DISTRICT COURT**
17              **CENTRAL DISTRICT OF CALIFORNIA**
18                      **WESTERN DIVISION**

19  | ROBERT HOSSEINI, | Case No. 2:24-cv-05488-WLH-AS |
20  | Plaintiff, | **JOINT RULE 26(f) REPORT** |
21  | v. | Complaint Filed: May 28, 2024 |
22  | PORSCHE CARS NORTH AMERICA, | Case Removed: June 28, 2024 |
23  | INC., and DOES 1 through 100, inclusive, | District Judge: Wesley L. Hsu |
24  | Defendants. | Trial Date:     Not Set |

-1-     Case No. 2:24-cv-05488-WLH-AS
JOINT RULE 26(f) REPORT

Plaintiff Robert Hosseini ("Hosseini" or "Plaintiff") and Defendant Porsche Cars North America, Inc. ("PORSCHE" or "Defendant"), jointly submit this Rule 26(f) report pursuant to the Court's Order.

### 1. PARTIES AND COUNSEL

The parties to the above case are represented by their counsel: Plaintiff ROBERT HOSSEINI (hereinafter "Plaintiff") is represented by Abraham Law, PC, lead trial counsel, Arye C. Abraham, and Defendant PORSCHE CARS NORTH AMERICA, INC ("Defendant") is represented by Andres F. Michel, Esq. and Robert A. Shields, Esq. of Wilson Turner Kosmo LLP.

### 2. STATEMENT OF THE CASE

This is a Song-Beverly Consumer Warranty Act (hereinafter "SBA," Song-Beverly," or "the Act") action alleging various cause of action, including breach of express and implied warranties.

Plaintiff purchased a 2020 Porsche Macan GTS (Certified Pre-Owned), vehicle identification number: WP1AG2A53LLB55133, (hereinafter "Subject Vehicle" or "the Vehicle"). PORSCHE provided an express written warranty relating to the VEHICLE.

Plaintiff alleges the subject vehicle had and has numerous manufacturer defects, defects in assembly, and design defects. Plaintiff seeks a refund in exchange for returning the subject vehicle. Moreover, Plaintiff will seek a civil penalty.

Defendant Porsche contends that Plaintiff alleges violations of the Song-Beverly Act, breach of express and implied warranties, against it. Plaintiff's basis for these allegations hinge on certain vaguely defined vehicle conditions that allegedly arose during Plaintiff's ownership of the subject vehicle. Porsche denies Plaintiff's allegations and asserts that the subject vehicle met or exceeded all applicable industry and government standards, was not defective as designed, manufactured, sold, or represented to Plaintiff; and, that any service conditions experienced by Plaintiff did not substantially impair the use, value, or safety of the subject vehicle. Otherwise, Porsche has not completed its investigation or engaged in formal discovery concerning the

allegations made in Plaintiff's Complaint. Porsche's defenses in this matter depend on the specific legal theories and factual bases advanced by Plaintiff. Porsche exercised its right to plead in the alternative, and in support of that right has pled the following affirmative defenses and/or denials and further reserves the right to amend its pleadings to assert additional defenses, as appropriate, and as discovery in this matter progresses.

### 3. SUBJECT MATTER JURISDICTION

Plaintiff filed this action in State Court on May 28, 2024 in Los Angeles County, CA. On June 28, 2024, Defendant filed an Answer to Plaintiff's Complaint and simultaneously filed a notice of removal to Federal Court. Defendant contends that this Court has Subject Matter Jurisdiction over this action pursuant to 28 U.S.C. § 1332. The Parties maintain that the Parties are diverse and the amount in controversy exceeds $75,000.

All Parties have been properly served. Plaintiff reserves the right to add additional parties and amend the pleadings. Plaintiff will be in a better position to add parties and amend the complaint for additional causes of action after initial discovery is conducted and depending on whether Defendants decide to file any dispositive motions.

### 4. LEGAL ISSUES

Plaintiff contends that PCNA has violated the Song-Beverly Consumer Warranty Act.

Defendant generally denies Plaintiff's allegations outlined in Plaintiff's Complaint.

### 5. PARTIES, EVIDENCE, ETC.

Plaintiff's List of Parties and witnesses:

- ROBERT HOSSEINI - Plaintiff
- Porsche Cars North America, Inc.
- Dealership Personnel
- Percipient witnesses not identified as of this date

Defendant's List of Parties and witnesses:

Key Documents:

- Sales Contract
- Porsche Cars North America, Inc.'s New Motor Vehicle Warranty
- Repair Orders
- Financial documents
- Customer Relations Documents
- Technical Documents

**6.     DAMAGES**

Plaintiff seeks rescission, restitution, actual damages, incidental and consequential damages, civil penalties for the violations alleged in the Complaint, prejudgment interest, attorneys' fees and costs.

Defendant disputes Plaintiff's damages, including that Plaintiff is entitled to restitution, civil penalties, punitive damages, incidental and consequential damages, prejudgment interest, and attorneys' fees and costs.

**7.     INSURANCE**

At this time, Defendant is not aware of any insurance concerning the causes of action at hand.

**8.     MOTIONS**

Plaintiff contends: Plaintiff does not intend to file any immediate motions but reserves the right to do so at a later date.

Defendant does not intend to file any immediate motions but reserves the right to do so at a later date.

**9.     MANUAL FOR COMPLEX LITIGATION**

Plaintiff does not suggest utilizing the Manual for Complex Litigation.

Defendant does not suggest utilizing the Manual for Complex Litigation.

**10.   STATUS OF DISCOVERY**

Plaintiff contends that counsel may serve and accept service of written discovery on behalf of its Parties via e-mail. The Parties have not identified any anticipated discovery disputes.

Defendant contends that counsel may serve and accept service of written discovery on behalf of its Parties via e-mail. The Parties have not identified any anticipated discovery disputes.

To date, Parties have not engaged in formal discovery.

**11.   DISCOVERY PLAN**

i. Parties will seek discovery on the following subjects:

Plaintiff's ownership, use, operation, and maintenance of the Subject Vehicle; the timing and extent of service and repairs to the Subject Vehicle; Plaintiff's communications with Defendant and all dealership(s) regarding alleged defects with the Subject Vehicle; dealership efforts to repair or address any alleged defects with the Subject Vehicle; Plaintiff's claimed damages; and facts related to each of Plaintiff's causes of action. The Parties agree that discovery will include at least an inspection of the Subject Vehicle, the deposition of Plaintiff and Defendant's person most qualified, depositions of any other third-party entities or individual(s) with relevant information regarding the Subject Vehicle including Plaintiff's purchase of or service to the subject vehicle, and deposition(s) of expert witness(es).

iii.   Miscellaneous Discovery Issues, Preservation of Evidence,

Parties contend that discovery will include at least an inspection of the subject Vehicle, the deposition of Plaintiff and Defendant, depositions of any other third-party entities or individual(s) with relevant information regarding the Subject Vehicle including Plaintiff's purchase of or service to the subject vehicle, and deposition(s) of expert witness(es).

Parties do not anticipate serving interrogatories in excess of those permitted by Federal Rule of Civil Procedure 33.

Parties contend no other modifications of the discovery limitations set forth in Federal Rules of Civil Procedure or the Local Rules are necessary. However, the Parties reserves their right to request the Court to modify the limitations imposed by Rule 26(f) of the Federal Rules of Civil Procedure and the Local Rules.

Parties have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI"). In compliance with Plaintiff's and Defendant's discovery obligations under the Federal Rules of Civil Procedure, Parties have taken reasonable measures to preserve relevant documents. These documents include electronically stored information ("ESI") maintained in locations and systems where such relevant information is likely to be found in accordance with the Federal Rules.

Regarding the method of searching for ESI, the Parties contends that the responding party is best situated to decide how to search for and produce ESI responsive to discovery requests. Consequently, the party responding to discovery shall determine the method used to search for and produce responsive ESI, and such methods shall be reasonable and proportional to the needs of this case.

Responsive electronic discovery shall be produced to the requesting party in a commercially reasonable manner or in the manner kept in Defendant's or the producing party's regular course of business, whichever is less burdensome and more economical for the producing party. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the responsive documents or may provide the requesting party electronic copies of the responsive documents in a reasonably usable form on CD, DVD, hard drive, by e-mail, or other electronic means.

Parties anticipate the need for expert discovery in this matter. Parties will comply with the Federal Rules of Civil Procedures for the completion of expert discovery and disclosure. Defendant also agrees that their counsel will accept service for deposition subpoenas for their experts.

## 12. DISCOVERY CUT-OFF

Parties proposes a discovery cut-off date of April 28, 2025.

## 13. EXPERT DISCOVERY CUT-OFF

Parties proposes an expert discovery cut off under Rule 26(a)(2) of April 9, 2024 and Rebuttal Expert of April 23, 2024.

## 14. DISPOSITIVE MOTIONS

Parties do not anticipate any dispositive motions at this time. However, Parties reserve the right to file a summary judgment motion as appropriate in accordance with the Court's scheduling order.

## 15. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

Parties are agreeable to private mediation with Mr. Ron Akasaka and a settlement conference before the Magistrate. At this time, Parties have commenced settlement discussions.

## 16. TRIAL ESTIMATE

Parties anticipate a 5–7-day jury trial. Each party estimates calling 3-5 witnesses at trial.

## 17. TRIAL COUNSEL

Plaintiff's Counsel will be Arye C. Abraham of Abraham Law, PC.

Defendant's Counsel will be Robert A. Shields and Andres F. Michel of Wilson, Turner, Kosmo, LLP.

## 18. INDEPENDENT EXPERT OR MASTER

Parties do not anticipate recommending a master or expert.

## 19. TIMETABLE

Plaintiff attaches Exhibit A for the court.

## 20. AMENDING PLEADINGS and ADDING PARTIES

Plaintiff does not expect to add or dismiss any parties, claims, or defenses. Should the parties wish to do so, Plaintiff proposes that the deadline to amend the pleadings shall be October 1, 2024.

**21.  OTHER ISSUES**

Parties do not anticipate any other issues at this time.

**22.  CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE**

Plaintiff respectfully declines consent to the assignment of this matter to a Magistrate Judge.

Parties do not currently request any other orders, though they may seek additional orders as discovery proceeds and if the need arises.

Dated: August 20, 2024

By: /s/ *Andres F. Michel*
Andres F. Michel, Esq.
Attorneys for Defendant
PORSCHE CARS NORTH AMERICA, INC.

Dated: August 20, 2024

By: /s/ *Ayre C. Abraham*
Ayre C. Abraham
Attorneys for Plaintiff
ROBERT HOSSEINI

**SIGNATURE ATTESTATION**

I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in the filing's content.

                                         */s/Andres F. Michel*
                                         Andres F. Michel

**JUDGE SHERILYN PEACE GARNETT**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court **ORDERS** the parties to make every effort to agree on dates.*

| Case No. | Case Name: | | |
|---|---|---|---|

| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
|---|---|---|---|
| Check one: ☐ Jury Trial or ☐ Court Trial ☐ Magistrate Judge (**Monday** at 8:30 a.m., within 12 months of Scheduling Conference) Estimated Duration:    Days | | | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (**Wednesday at 3:00 p.m., at least 18 days before trial**) | | | |

| **Event [1]** **Note:** Hearings shall be on **Wednesday** at 1:30pm Other dates can be any day of the week | **Weeks Before FPTC[2]** | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Wednesday] | 24 | | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | | |
| Expert Disclosure (Initial) | 16 | | |
| Expert Disclosure (Rebuttal) | 14 | | |
| Expert Discovery Cut-Off | 13 | | |
| Last Date to Hear Motions[3] • Motions due at least 4 weeks before hearing; • Opposition due at least 3 weeks before hearing; • Reply due at least 2 weeks before hearing. | 12 | | |
| Last Date to Hear *Daubert* Motions | 8 | | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one:   ☐ 1. Magistrate Judge *(with Court approval)*   ☐ 2. Court's Mediation Panel   ☐ 3. Private Mediation | 5 | | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | | |

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)4).

[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.

[3] Before filing Rule 56 motions, parties must review and comply with the Court's Standing Order for MSJ, which sets forth the briefing schedule and specific requirements for joint briefing and filing such motions.